**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

UNITED STATES OF AMERICA

v.

DERRICK RONDELL BATTLE,                    Criminal Action No. TDC-16-0108

Defendant.

## MEMORANDUM ORDER

Defendant Derrick Rondell Battle, a federal prisoner at the Federal Correctional Institution Petersburg Medium ("FCI-Petersburg") in Hopewell, Virginia, has filed a Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). ECF No. 94. On November 18, 2016, Battle pleaded guilty to interference with interstate commerce by robbery, in violation of 18 U.S.C. § 1951(a) (Count 1); using, carrying, and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (Count 2); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count 3). On February 16, 2017, he was sentenced to concurrent sentences of 114 months on each of Counts 1 and 3 and a consecutive sentence of 84 months of imprisonment on Count 2, for a total term of 198 months. In light of credit for pretrial detention and projected good time credits, Battle is currently scheduled to be released on November 12, 2029.

Battle has previously filed three different Motions for Compassionate Release or Motions for Reconsideration of the denial of a Motion for Compassionate Release, which were denied on November 24, 2020; February 1, 2021; and May 11, 2021. The Court incorporates by reference its prior rulings on those Motions. *See* ECF Nos. 73, 77, 79. On the present Motion ("the Fourth Motion"), the Court requested that the Office of the Federal Defender for the District of Maryland

("OFD") review Battle's filing and inform the Court whether it would enter an appearance on behalf of Battle and submit a brief in support of the Fourth Motion. The OFD declined to do so.

## DISCUSSION

Ordinarily, "[t]he court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c) (2018). This general rule is subject to certain exceptions, including the compassionate release provision, which allows the Bureau of Prisons ("BOP") to seek a modification of a prisoner's sentence. *See id.* § 3582(c)(1)(A). Under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, the compassionate release provision was modified to also allow prisoners to seek a sentencing reduction directly from the Court. The provision now provides, in relevant part, that:

> The court may not modify a term of imprisonment once it has been imposed except that:
>
> (1) in any case that—
>
> (A)  the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i)  extraordinary and compelling reasons warrant such a reduction;
>
> *   *   *
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A). Battle has neither asserted nor established that he made a request for compassionate release to the Warden of FCI-Petersburg, so he has not exhausted administrative

2

remedies. Nevertheless, where the Government has not been asked to respond to the Fourth Motion and therefore has not invoked the failure to exhaust administrative remedies as a basis for denial of the Motion, the Court will consider the merits.

## I.    Extraordinary and Compelling Reasons

In the Fourth Motion, Battle asserts that there are extraordinary and compelling reasons for a sentence reduction based on (1) his medical conditions, consisting of the fact that he has a bullet lodged in his chest and has pulmonary fibrosis; (2) "other reasons," consisting of his troubled childhood and his recent rehabilitation; and (3) his unusually long sentence, based on an allegedly erroneous application of the career offender enhancement. Mot. at 3-4, ECF No. 94. Although these proffered reasons arguably fit within the categories of possible "extraordinary and compelling reasons" set forth in the relevant policy statement in United States Sentence Guidelines ("U.S.S.G.") § 1B1.13, Battle has not demonstrated that the facts underlying his specific reasons establish extraordinary and compelling reasons for purposes of a sentence reduction.

First, in denying Battle's first three Motions for Compassionate Release, the Court reviewed Battle's medical conditions and concluded that they do not establish extraordinary and compelling reasons warranting a sentence reduction, even in the context of the COVID-19 pandemic. *See* ECF Nos. 73, 77, 79. Upon review of the medical records submitted with the Fourth Motion, the Court finds no reason to reach a different conclusion. Second, where the Court already denied the first three Motions that were filed during the COVID-19 pandemic, the Court does not find that the fact that Battle was incarcerated during the COVID-19 pandemic, even with its stricter conditions of confinement, establishes extraordinary and compelling reasons warranting a sentence reduction at this time. *See id.* Third, the circumstances of Battle's upbringing and life before the present, including the fact that he had been shot and that he had a substance abuse

3

problem, were referenced in the Presentence Investigation Report ("PSR") and were thus fully considered at the time of the original sentencing. Though he asserts that he has engaged in post-offense rehabilitation while in prison, as reflected by an incident-free record and engagement in prison programs, his particular activity, while admirable, does not rise to the level of establishing extraordinary and compelling reasons. *See* U.S.S.G. § 1B1.13(d) (noting that post-offense rehabilitation, by itself, does not establish extraordinary and compelling reasons).

Finally, the Court finds that Battle's overall sentence of 198 months, for offenses based on two armed robberies in which a firearm was brandished, does not amount to an unusually long sentence that would constitute an extraordinary and compelling reason, where he has not yet served 10 years and there has been no relevant change in the law. *See id.* § 1B1.13(b)(6). Although Battle argues that, under present law, he would not qualify for the career offender enhancement, the Court did not sentence Battle within the applicable Guidelines range based on that enhancement. Rather, although the Court calculated the Guidelines range using the career offender enhancement, the Court's 114-month sentence on Counts 1 and 3 was a downward variance from that range and fell within the Guidelines range that would have applied if the career offender enhancement had not applied. The 84-month mandatory minimum consecutive sentence on Count 2 was unaffected by whether or not the career offender enhancement was applicable. Moreover, the Court specifically noted at sentencing that it would have imposed the same sentence even if the career offender enhancement did not apply. Thus, Battle's reference to the length of the sentence and the career offender enhancement does not establish extraordinary and compelling reasons warranting a sentence reduction.

**II.     18 U.S.C. § 3553(a)**

Even if the Court were to find extraordinary and compelling reasons, before granting a sentence reduction, the Court must also consider the factors in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A). Here, the nature and circumstances of this offense were very serious. Battle engaged in three separate armed robberies of businesses in which he pointed a firearm at employees. PSR ¶¶ 7-10, ECF No. 44. Battle already had a lengthy criminal record at the time and was in criminal history category VI even without consideration of the career offender enhancement. *Id.* ¶ 70. The total sentence of 198 months was necessary to reflect the seriousness of the offense, promote respect for the law, provide just punishment, provide adequate deterrence, and protect the public from further crimes. 18 U.S.C. § 3553(a). So even if the requirement of extraordinary and compelling reasons were deemed to have been met, the Court would not grant the requested sentence reduction. The Fourth Motion will therefore be denied.

**CONCLUSION**

For the foregoing reasons, it is hereby ORDERED that Battle's Fourth Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), ECF No. 94, is DENIED.

Date:  May 29, 2024

THEODORE D. CHUANG
United States District Judge